# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RODNEY T. YOUNG,

    Petitioner,

                                               :        Case No. 3:04-cv-044

                                             :        District Judge Walter Herbert Rice
    -vs-                                                Magistrate Judge Michael R. Merz

UNITED STATES OF AMERICA,

                                             :

    Respondent.

## SUBSTITUTED REPORT AND RECOMMENDATIONS

       This is an action on a Petition for Writ of Error Coram Nobis filed *pro se* by Petitioner Rodney T. Young who challenges therein his conviction and sentence in this Court for armed bank robbery.  The Magistrate Judge filed a Report and Recommendations recommending that the case be dismissed without prejudice for lack of subject matter jurisdiction because the writ of error coram nobis is not available to federal prisoners who are still in custody.  Petitioner has filed Objections to that Report and Recommendations.  The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

       Petitioner was arrested January 15, 1998 (Return of Warrant, Doc. No. 5 in CR-3-98-013) and indicted February 10, 1998 (Id. at Doc. No. 12).  On November 4, 1999, he agreed to plead guilty to one count of armed bank robbery and to use of a firearm in committing a crime of violence (Plea Agreement, Doc. No. 158).  He was sentenced May 17, 2000, to 71 months imprisonment on

-1-

the bank robbery charge and the mandatory 60 month consecutive sentence for use of a firearm (Judgment and Commitment, Doc. No. 165). That time has not yet expired and Petitioner remains in custody of the Bureau of Prisons.

Petitioner seeks to set aside his conviction on the grounds that the United States relinquished "primary custody" of his person and this Court thereby lost subject matter jurisdiction over his case. He asserts the following sequence of events supports that claim:

1. On September 17, 1998, the United States allowed the State of Ohio to take custody of him without any written request for temporary custody or writ of *habeas corpus ad prosequendum*.

2. He was thereupon transported to the Ohio Corrections Reception Center to serve a short state sentence, but released shortly thereafter on September 27, 1998, because Ohio mistakenly gave him credit for time served in the Montgomery County Jail in United States Marshal custody pursuant to this Court's order of pre-trial detention.

3. He was rearrested on new state charges on November 3, 1998, but then released on November 5, 1998.

4. After this release, the United States Marshal realized he had not been in their custody since September, 1998, and obtained an arrest warrant from this Court on November 10, 1998.

5. Petitioner was not arrested on that warrant until June 16, 1999, and returned to the Montgomery County Jail on August 2, 1999

(Petition, Doc. No. 2, at 2-3.) The criminal docket supports this sequence of events in that (1) there is no docketed order releasing Petitioner to state custody, (2) there is a docketed arrest warrant issued November 10, 1998, and (3) removal papers from the United States District Court for the

District of Columbia (Doc. Nos. 144, 147).

Before reaching the merits of Petitioner's claim, the Court must determine whether it can properly consider such a claim on a petition for writ of error coram nobis.

In the original Report and Recommendations, the Magistrate Judge recommended dismissing the Petition without prejudice for lack of subject matter jurisdiction of such a proceeding. This was in error and that recommendation is WITHDRAWN. United States District Courts have jurisdiction in *coram nobis* under the All Writs Act, 28 U.S.C. § 1651. *United States v. Morgan,* 346 U.S. 502 (1954).

## Availability of *Coram Nobis* Relief

Petitioner acknowledges that *coram nobis* is usually brought to challenge convictions where custody has expired, but claims that the fact that he is still in custody does not preclude use of the remedy, citing *United States v. Golden*, 854 F. 2d 31 (3rd Cir. 1988), and *United States v. Dawes*, 895 F. 2d 1581 (10th Cir. 1990). In the original Report and Recommendations, the Magistrate Judge concluded that this Court could not follow those two cases from other circuits because Sixth Circuit law limited *coram nobis* relief to those who were no longer in custody, citing *Flippins v. United States,* 747 F. 2d 1089, 1091 (6th Cir., 1984); *United States v. Norman,* 391 F.2d 212, 213 (6th Cir.), *cert. denied*, 390 U.S. 1014, 20 L. Ed. 2d 163, 88 S. Ct. 1265 (1968); and *Meyers v. United States*, Case No. 00-3630 (6th Cir. December 5, 2000). The Objections compel a closer examination of the controlling case law.

In *Flippins v. United States*, 747 F. 2d 1089 (6th Cir. 1984), petitioner had sought coram

nobis relief in the district court to vacate a 1971 federal conviction which had been used to enhance a later state conviction. The court wrote in relevant part:

> The writ of error coram nobis is available to a convicted criminal at any time following the entry of judgment against him or her. A writ of error coram nobis may be sought where, as here, the challenged sentence has been completely served. *United States v. Dellinger*, , 144 (7th Cir. 1981); *United States v. Norman*, 391 F.2d 212, 213 (6th Cir.), *cert. denied*, 390 U.S. 1014, 20 L. Ed. 2d 163, 88 S. Ct. 1265 (1968).

747 F. 2d, 1091. On the critical question in this case, then, *Flippins* is ambiguous: it holds that *coram nobis* may be brought after custody has expired, but it does not hold that *coram nobis* may be brought **only** after custody has expired.

*United States v. Norman*, 391 F. 2d 212 (6th Cir. 1998), on which the *Flippins* court relied, is ambiguous in the same way:

> While the writ of error coram nobis has been expressly abolished in civil proceedings (Rule 60(b) of the Federal Rules of Civil Procedure) it has survived in criminal practice by virtue of the fact that it has not been replaced by a statutory provision. *Mathis v. United States*, 246 F. Supp. 116 (D.C.N.C.1965). It is an extraordinary writ and jurisdiction of the court to grant relief is of limited scope. *United States v. Cariola*, 323 F.2d 180 (3rd Cir.1963). The writ is sufficient to invoke the jurisdiction of a court to set aside its judgment of conviction **even when** sentence has been fully served. *United States v. Forlano*, 249 F. Supp. 174 (D.C.N.Y.1965), affirmed 355 F.2d 934 (2nd Cir.1966).

*Id*. at 213 (emphasis supplied). The conviction which Norman sought to set aside had long since expired, but the court did not find that fact was a prerequisite to relief; it denied relief on the merits.

*United States v. Dellinger*, 657 F. 2d 140 (7th Cir. 1981), is a late chapter in the Chicago Seven conspiracy case arising out of disruptions of the 1968 Democratic National Convention in Chicago. In the district court three of the seven (Dave Dellinger, Abbie Hoffman, and Jerry Rubin)

-4-

along with William Kunstler, who had been on of their trial lawyers, sought vacation and expungement of their contempt convictions. Although they had been convicted of criminal contempt, no fine or imprisonment had been imposed, so they were not in custody when they brought the writ. The court wrote:

> Defendants' motion must be characterized as a petition for a writ of error coram nobis. n4 This ancient writ (together with its correlative, the writ of error coram vobis n5) was early incorporated into American practice from English common law. See, e. g., *Strode v. The Stafford Justices*, 23 F.Cas. 236 (C.C.D.Va.1810) (per Marshall, C.J.) (judgment against a defendant, who had died, set aside 14 years later). The coram nobis writ serves the salutory function of allowing a court to vacate its judgments "for errors of fact ... in those cases where the errors (are) of the most fundamental character, that is, such as rendered the proceeding itself invalid." *United States v. Mayer*, 235 U.S. 55, 69, 35 S. Ct. 16, 19-20, 59 L. Ed. 129 (1914).
>
> The need for the writ has been greatly reduced in modern practice because of the availability of the remedies of habeas corpus, 28 U.S.C. § 2241 et seq. (1976), and motion for a new trial on the basis of newly discovered evidence, Fed.R.Crim.P. 33. Habeas corpus relief is available, however, only if the petitioner is in custody, and the new trial remedy is available only within two years of the date of final judgment in the original proceedings. See note 4, supra. Since coram nobis review is available at any time after entry of final judgment n6 in criminal proceedings, n7 there remain cases where the writ of coram nobis offers a unique possibility of relief. Thus, in *United States v. Morgan*, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 248 (1954), the Court held that coram nobis relief was available to challenge the validity of a judgment of conviction and term of imprisonment even though the sentence had been fully served. n8 See also *Moon v. United States*, 106 U.S. App. D.C. 301, 272 F.2d 530 (D.C.Cir.1959) (coram nobis can for appropriate reasons be invoked to review a sentence which petitioner has not yet started to serve).

*Id*. at 143-44. *Dellinger* recognizes the propriety of coram nobis proceedings for two sorts of persons – those who will never be in custody (the *Dellinger* petitioners) and those who are not yet in custody (in the cited *Moon* case). It does not address the question before this Court – whether a

person in custody may use the *coram nobis* writ.

The unreported Order in *Meyers v. United States*, Case No. 00-3630 (6th Cir. December 5, 2000), cites *Flippins* for the proposition that those still in custody may not bring coram nobis without analyzing the ambiguity present in the *Flippins* opinion. Thus the case authority cited in the original Report and Recommendations is not dispositive.

Prior to 1996, there would have been little occasion for a defendant to have attempted to obtain *coram nobis* relief while still in custody because there was neither a statute of limitations nor a strict successive petition limitation on motions to vacate under 28 U.S.C. §2255. Thus all of the cited cases above were brought by petitioners not in custody, although the language in the opinions does not limit relief to those not in custody. It was only in 1996 that Congress adopted the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") which placed a one-year statute of limitations on such motions.

In *United States v. Johnson,* 237 F. 3d 751 (6th Cir. 2001), the court confronted a situation similar to this case. Johnson was imprisoned on a marijuana conviction when he filed a petition for *coram nobis* relief nearly five years after judgment. The court noted that he could not challenge the conviction under § 2255 because the statute of limitations had expired. *Id*. at 753, n.1. On the question before this Court, Judge Nelson wrote:

> Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character - e.g., errors rendering the proceedings themselves invalid. See [*Blanton v. United States,* 94 F. 3d 227 (1996)]. To be entitled to relief, the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. See *id.[Blanton]* In addition, the writ of coram nobis is available only "when a § 2255 motion is unavailable - generally, when the petitioner has served his sentence completely and thus is no

> longer 'in custody' as required for § 2255 relief." *Id.*
>
> In the case at bar, although § 2255 relief is no longer available to him, Mr. Johnson remains a prisoner in federal custody. A prisoner in custody is barred from seeking a writ of error coram nobis. See *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997)(holding that coram nobis relief is not available to a prisoner in custody); *United States v. Bush,* 888 F.2d 1145, 1147 (7th Cir. 1989) (same); *United States v. Little,* 608 F.2d 296, 299 n.5 (8th Cir. 1979), *cert. denied*, 444 U.S. 1089, 62 L. Ed. 2d 777, 100 S. Ct. 1053 (1980) ("Coram nobis lies only where the petitioner has completed his [or her] sentence and is no longer in federal custody, is serving a sentence for a subsequent state conviction, or has not begun serving the federal sentence under attack"); *United States v. Brown,* 413 F.2d 878, 879 (9th Cir. 1969) (holding coram nobis relief unavailable to a prisoner in custody), cert. denied, 397 U.S. 947, 25 L. Ed. 2d 127, 90 S. Ct. 965 (1970). Johnson's petition therefore fails.

237 F. 3d at 755. *Johnson* contains an express holding on the issue presented here: "[W]e further hold that the appeal lacks merit because coram nobis relief is not available while the petitioner is in federal custody." *Id*. at 752. In another published opinion in January of this year the Sixth Circuit followed *Johnson*:

> A prisoner in custody is barred from seeking a writ of error coram nobis. *United States v. Johnson*, 237 F. 3d 751, 755 (6th Cir. 2001). This is the case even if, as here, § 2255 relief is no longer available. *Id*. Because Monus remains in custody, he is barred from seeking the writ.

*United States v. Monus*, 356 F. 3d 714 (6th Cir. 2004).

Judge Marbley of this Court has followed *Johnson* on the point at issue in *United States v. Butler*, 295 F. Supp. 2d 816, 820 (S.D. Ohio 2003), writing

> In the Sixth Circuit, coram nobis relief is unavailable to someone "in custody." Id. at 755. The *Johnson* Court stated unequivocally, "[a] prisoner in custody is barred from seeking a writ of error coram nobis." *Id.; Abdul-Aziz Rashid Muhammad v. United States*, 76 Fed. Appx. 45, 2003 WL 22146123, *2 (6th Cir., Sept. 11, 2003) (unpublished) (in similar circumstances where petitioner already had

> sought and been denied relief under § 2255, the Court held "as a prisoner in custody, Muhammad is barred from seeking a writ of error coram nobis"); *United States v. McClellan*, 30 Fed. Appx. 340, 342, 2002 WL 104810, *2 (6th Cir., Jan. 24, 2002) (unpublished) (stating, "a prisoner in custody is barred from seeking a writ of error coram nobis.") (*citing Carlisle v. United States*, 517 U.S. 416, 429, 134 L. Ed. 2d 613, 116 S. Ct. 1460 (1996) and *Johnson*, 237 F.3d at 754-55, and noting, "McClellan's attempt to use this proceeding as a second direct appeal from his felon/firearm conviction is not supportable in law."); see also *Owens v. Boyd*, 235 F.3d 356, 360 ("Persons still in custody must look to § 2254 or § 2255 for relief; they cannot use § 1651(a) to escape statutory restrictions on those remedies" (citing to Carlisle, 517 U.S. at 428-29; *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43, 88 L. Ed. 2d 189, 106 S. Ct. 355 (1985)"). Hence, if Butler is "in custody," he is barred, procedurally, from seeking coram nobis relief.

*Id*. at 820.

Petitioner relies on *United States v. Golden*, 854 F. 2d 31 (3d Cir. 1988), and *United States v. Dawes*, 895 F. 2d 1581 (10th Cir. 1990). In both cases, federal courts of appeals granted coram nobis relief[1] to persons still serving federal sentences. However, neither can provide authority for this Court to act in the face of controlling Sixth Circuit precedent.

The ambiguity left by *Flippins* has been resolved by *Johnson*. Petitioner here cannot bring a *coram nobis* action because he remains in custody, regardless of the fact that his time for challenging his conviction under 28 U.S.C. § 2255 has apparently[2] expired.

---

[1] In both cases it was the court of appeals that characterized the proceedings as in the nature of coram nobis; in the district courts they had been characterized as motions to correct or set aside a sentence (*Golden*) or for new trial (*Dawes*). Both are pre-AEDPA cases.

[2] Prima facie the time appears to have expired. Whether Petitioner might be entitled to tolling of the limitations period is not before this Court.

**Merits Analysis**

Should the District Court find Johnson distinguishable and proceed to consider the merits of Young's Petition, it should nonetheless deny relief on the merits for the reasons which follow.

Petitioner contends that this Court lacked subject matter jurisdiction to convict and sentence him and that lack of subject matter jurisdiction is properly raised in a coram nobis petition. For the latter proposition, he cites *Alikhani v. United States*, 200 F. 3d 732 (11th Cir. 2000) and *United States v. Peters*, 310 F. 3d 709 (11th Cir. 2002). In *Alikhani*, the court accepted this proposition for the sake of argument, but found that Alikhani did not truly have a subject matter jurisdiction claim.[3] In *Peters*, the same court ordered coram nobis relief because a subsequent decision of the United States Supreme Court effectively held that the facts underlying petitioner's conviction did not constitute a federal offense and thus the district court did not have subject matter jurisdiction.

Although these are Eleventh Circuit decisions, the Magistrate Judge is unaware of any Sixth Circuit authority to the contrary. Although coram nobis relief is available "only to review errors 'of the most fundamental character, that is, such as rendered the proceeding itself invalid." *Blanton v. United States,* 94 F. 3d 227, 230 (6th Cir. 1996), quoting *Flippins v. United States,* 747 F. 2d 1089, 1091 (6th Cir. 1984)(per curiam)(quoting *United States v. Mayer*, 235 U.S. 55, 69, 35 S. Ct. 16, 19-20, 59 L. Ed. 129 (1914)), lack of subject matter jurisdiction is fundamental. Therefore the

---

[3] "A genuine claim that the district court lacked jurisdiction to adjudicate the petitioner guilty may well be a proper ground for coram nobis relief as a matter of law. But these statutory arguments, even if meritorious, would not implicate the district court's subject-matter jurisdiction."*Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir., 2000)

Magistrate Judge concludes that the Sixth Circuit would recognize lack of subject matter jurisdiction as a ground for *coram nobis* relief.

However, this Court had subject matter jurisdiction to convict and sentence Petitioner for the crimes charged in the Indictment. Subject matter jurisdiction defines a court's authority to hear a particular kind of case. *United States v. Morton*, 467 U.S. 822, 828 (1984). Congress has conferred on the United States District Courts exclusive subject matter jurisdiction over criminal cases arising under federal statutes. 18 U.S.C. § 3231. Petitioner pled guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of using a firearm during a crime of violence in violation of 18 U.S.C. §924(c). Both of these are violations of federal law and there has been no United States Supreme Court decision since Young's conviction like the one at issue in *Peters* which has found any of the underlying facts in this case not to be a violation of federal law.

Young contends this Court lost subject matter jurisdiction when the United States surrendered him to the exclusive control of the State of Ohio for service of his state sentence, but he cites no authority for that proposition.[4] Even if the government had dismissed the indictment and permitted Ohio to take custody, that would not have prevented the United States from re-indicting Petitioner, so long as the statute of limitations had not run.

Petitioner appears to be confusing **subject matter** jurisdiction (authority to try a certain type of case) with **personal** jurisdiction (power over the body of a particular defendant). The United States might conceivably have lost personal jurisdiction over the Petitioner if he was unconditionally released to state authorities and then unconditionally released by them shortly thereafter. However,

---

[4] Indeed, he cites no record support for the allegation that the United States intentionally surrendered physical custody as there are no documents of record to support that allegation.

it certainly reacquired personal jurisdiction when its warrant for Petitioner's arrest was executed in Washington, D.C., and he was returned in custody to this District.

Young relies on *Weekes v. Fleming,* 301 F. 3d 1175 (10th Cir. 2002). In that case Idaho had relinquished primary custody of the defendant to the United States which tried, convicted, and sentenced him, but then allowed Idaho temporary custody for an unrelated prosecution. The court of appeals held Weekes was entitled to credit on his federal sentence for the time spent in state custody because the federal government never relinquished primary custody. *Weekes* in no way involved any question of subject matter jurisdiction, either of Idaho or the United States. *Weekes* also involves only the question of which sovereign's sentence Mr. Weekes was serving while he was in Idaho's custody. Here, Mr. Young could not have been serving any federal sentence while he was in Ohio custody because he had not been convicted or sentenced for a federal crime.

## Conclusion

It is respectfully recommended that the Court dismiss the Petition without prejudice for failure to state a claim upon which coram nobis relief may be granted because Petitioner remains in custody on the judgment sought to be vacated. Alternatively, if the Court reaches the merits, it should dismiss the Petition with prejudice as it is without merit: this Court had subject matter jurisdiction to convict and sentence the Petitioner.

June 5, 2004.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).